Filed 2/21/23  P. v. Wheeler CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA WHEELER,<br><br>    Defendant and Appellant. | 2d Crim. No. B314403<br>(Super. Ct. No. 20F-06062)<br>(San Luis Obispo County) |

A jury found Joshua Wheeler guilty of four counts of forcible rape (Pen. Code,[1] § 261, subd. (a)(2)) and four counts of forcible sexual penetration (§ 289, subd. (a)(1)(C)).  As to each count the jury found the victim was a minor 14 years of age or older.  The court sentenced Wheeler to a total term of 76 years in state prison.

We conclude Wheeler is not entitled to a new sentencing hearing under section 1170 as amended.  (Stats. 2021, ch. 731,

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

§ 1.3.) There is no prejudice. We also conclude that Wheeler is not entitled to a jury determination on imposing consecutive sentences under section 667.6, subdivision (d). We affirm.

FACTS

Jane Doe is Wheeler's stepdaughter. He is the biological father of Doe's five younger siblings. They all lived together in Oceano.

Wheeler began touching Doe inappropriately when she was 13 or 14 years old. By the time she was 16 years old, he was having intercourse with her weekly, then almost daily. It happened in her bed at her home. Doe froze during intercourse. She had seen Wheeler being violent with her mother. Doe said her mother left the home multiple times. Her mother was in a psychiatric hospital from September 2018 to November 2019. Wheeler looked after the family while her mother was gone. Doe eventually told a counselor at her high school and Wheeler was arrested.

*Sentencing*

At sentencing Wheeler's counsel argued for the low term: no force or threat of force was used, Wheeler had no prior felony offenses, and he was raised by a single mother.

The trial court found as aggravating factors that the victim was particularly vulnerable, that Wheeler's acts reflected a high degree of callousness and, as "an overwhelming factor," that he took advantage of a position of trust or confidence.

The trial court rejected Wheeler's counsel's argument that Wheeler's lack of a prior felony conviction was a mitigating factor. The court found Wheeler's criminal history to be increasingly serious. The court acknowledged that Wheeler used

2

duress rather than overt violence, but it did not find that to be mitigating under the circumstances.

The trial court sentenced Wheeler to the upper term of 11 years each on counts 1, 3, 4, and 5, forcible rape. The court sentenced Wheeler to the middle term of eight years on counts 2, 6, 7, and 8, digital penetration. The court imposed consecutive terms on all counts for a total term of 76 years.

## DISCUSSION

### I.

Wheeler contends he is entitled to be resentenced under section 1170 as amended by statute 2021, chapter 731, section 1.3.

Prior to its amendment, section 1170, subdivision (b), gave the trial court discretion in imposing the upper term. Section 1170, subdivision (b), now provides in part:

"(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or

3

information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense."

Because Wheeler's case is not final, amended section 1170, subdivision (b), applies. (*In re Estrada* (1965) 63 Cal.2d 740.) Nevertheless, we need not remand for resentencing.

In *People v. Flowers* (2022) 81 Cal.App.5th 680, 686, review granted October 12, 2022, S276237, we held that the amendment to section 1170 does not require a remand for resentencing where "the record 'clearly indicate[s]' that the trial court would not impose a more favorable sentence upon theoretical reversal for resentencing." Here the trial court found three aggravating circumstances: 1) the victim was particularly vulnerable, 2) Wheeler's acts reflected a high degree of callousness, and 3) Wheeler took advantage of a position of trust or confidence. Any one of the three would support imposition of the upper term. The court found no mitigating factors. The record clearly indicates the court would not impose a more favorable sentence on remand.

*People v. Flores* (2022) 75 Cal.App.5th 495 employs a different analysis. *Flores* said, "'[I]f a reviewing court concludes, beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury,'" no remand for resentencing is necessary. (*Id*. at p. 500.) Here there is no doubt the jury would have found at least Wheeler took advantage of a position of trust or confidence.

*People v. Lopez* (2022) 78 Cal.App.5th 459, created a two-step process for determining whether a case must be remanded for resentencing. First, the reviewing court must ask whether it

can conclude beyond a reasonable doubt that a jury would have found true beyond a reasonable doubt every factor on which the trial court relied. If the reviewing court so concludes, no remand is necessary. (*Id.* at pp. 465-466.) If the reviewing court cannot so conclude, it must then proceed to the next question: "[W]hether a reviewing court can be certain, to the degree required by *People v. Watson* (1956) 46 Cal.2d 818, 836 . . . , that the trial court would nevertheless have exercised its discretion to select the upper term if it had recognized that it could permissibly rely on only a single one of the aggravating factors, a few of the aggravating factors, or none of the aggravating, rather than all of the factors on which it previously relied. If the answer to both of these questions is 'no,' then it is clear that remand to the trial court for resentencing is necessary." (*Id.* at p. 467, fn. 11.)

*People v. Dunn* (2022) 81 Cal.App.5th 394 (*Dunn*) generally agreed with *People v. Lopez, supra,* 78 Cal.App.5th as to the criteria for determining whether remand for resentencing is required. *Dunn* disagreed with *Lopez*, however, that the reviewing court in the first step had to conclude beyond a reasonable doubt that the jury would have found every factor on which the trial court relied beyond a reasonable doubt. Instead, *Dunn* held that no remand is required if the reviewing court concludes beyond a reasonable doubt that the jury would have found any one factor on which the trial court relied beyond a reasonable doubt, and the reviewing court concludes it is reasonably probable that the jury would have found the other factors on which the trial court relied beyond a reasonable doubt. (*Dunn*, at pp. 409-410.) If the reviewing court cannot so conclude, it must move to the second step in *Lopez*. (*Dunn,* at p. 410.)

Here no remand for resentencing is necessary even under the *Lopez* standard.  The evidence was essentially uncontradicted.  As Doe's stepfather, Wheeler held a position of trust.  Doe was particularly vulnerable.  She lived in the same house as Wheeler; her mother was absent from the home for substantial periods of time; she was afraid that Wheeler would molest her siblings; and she had seen Wheeler being violent.  Finally, Wheeler's acts reflected a high degree of callousness.  He molested Doe in her own home, often and over a substantial period of time.

There is no reasonable doubt that a jury would have found all the aggravating factors on which the trial court relied beyond a reasonable doubt.  We need not remand for sentencing.

## II.

Wheeler contends the amendment to section 1170, subdivision (b)(6), requires the trial court to consider factors in his personal background that support imposition of the lower term.

The amended portion of section 1170, subdivision (b)(6), provides in part:  "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶] (A)  The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

Wheeler relies on his statement to the court at sentencing that he was raised by a single mother, so he did not have anyone to model being a father.

6

Being raised by a single mother does not come close to "psychological, physical, or childhood trauma" within the meaning of section of 1170.  Many children are raised by single mothers, and they grow up to be moral and law-abiding adults who would not even think about sexually violating a child.  There is simply no link between being raised by a single mother and the propensity to molest children.

Wheeler contends the matter should be remanded so that he could produce any evidence of trauma.  He makes no offer of proof that he has any such evidence.  If any such evidence existed, Wheeler would have produced it.  Even before the amendment to section 1170, the trial court could consider any circumstances in mitigation that reasonably related to the defendant or the crime.  (Cal. Rules of Court, rule 4.423(c).)  A history of childhood trauma is powerful mitigation evidence.  (*In re Lucas* (2004) 33 Cal.4th 682, 729.)

In any event, a remand is not required where the record clearly indicates that the trial court would have reached the same conclusion even if it had been aware that it had such discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Here, Wheeler, a mature adult, frequently sexually violated a child over a substantial period of time.  The court cited three aggravating factors and no mitigating factors.  This is simply not a low-term case, even if Wheeler could produce evidence of trauma.

### III.

Wheeler contends the imposition of consecutive sentences violated his Sixth Amendment right to have a jury determine the factual findings that led to an increased sentence.

Section 667.6, subdivision (d)(1) provides in part:  "A full, separate, and consecutive term shall be imposed for each

7

violation of an offense specified in subdivision (e) if the crimes involve . . . the same victim on separate occasions." Subdivision (e), lists rape in violation of section 261, subdivision (a)(2), and sexual penetration in violation of section 289, subdivision (a). (*Id*. at subd. (e)(1), (8).)

Wheeler cites *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*), for the proposition that any fact that increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt. *Apprendi* involved a state statute that provided for a sentence enhancement if a trial judge found that a defendant committed a crime for the purpose of intimidating a person or group on the basis of race.

Our Supreme Court has granted review to consider whether the Sixth Amendment right to a jury trial applies to the imposition of consecutive sentences under section 667.6, subdivision (d). (*People v. Catarino*, __ Cal.App.5th __, [2021 Cal.App.Unpub. Lexis 6472], review granted January 19, 2022, S271828.)

In *People v. Wandrey* (2022) 80 Cal.App.5th 962, review granted September 28, 2022, S275942, the appellate court held that the Sixth Amendment did not apply to findings under section 667.6. The court relied on *Oregon v. Ice* (2009) 555 U.S. 160. In *Ice*, the Supreme Court stated that all the decisions applying *Apprendi's* rule involve sentencing for a discrete crime, not for multiple offenses different in character or committed at different times. (*Id*. at p. 167.) "[T]win considerations – historical practice and respect for state sovereignty – counsel against extending *Apprendi's* rule to the imposition of sentences for discrete crimes. The decision to impose sentences

8

consecutively is not within the jury function that 'extends down centuries into the common law.' [*Apprendi, supra*, 530 U.S. at p. 477.]. Instead, specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." (*Id*. at p. 168.)

The United States Supreme Court has made it clear that *Apprendi* does not apply to statutes such as section 667.6, subdivision (d). Unless the California Supreme Court decides otherwise, there is no reason for us to apply a different rule.

In any event, here the only fact finding involving the trial court is whether the offenses were committed on separate occasions. The court found that they were, and the finding is supported by the uncontradicted evidence. Thus, there is no reasonable doubt the jury would have so found beyond a reasonable doubt. Wheeler suffered no prejudice. (*People v. Lopez, supra*, 78 Cal.App.5th at pp. 465-466.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.



GILBERT, P. J.


We concur:


YEGAN, J.


BALTODANO, J.

9

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.